MADDOX, Justice.
This case involves a claim by a wife that she was exposed to asbestos from the defendant’s products because she washed her husband’s clothes that had been exposed to high levels of asbestos dust and that she was injured by the exposure. We affirm the trial court’s denial of the wife’s motion for a new trial.
Mrs. Galloway claims that the trial court should have granted her motion for a new trial on two grounds: (1) that the jury verdict was inconsistent because the jury found that her husband had been exposed to asbestos from the defendant Keene’s products, and that she had not been exposed, even though for several years she had washed his clothes, which she claimed had asbestos dust on them; and (2) that the verdict was against the great weight of the evidence.
Mr. and Mrs. Galloway sued Keene Corporation and Owens-Illinois, Inc., for damages to compensate for injuries they claimed to have suffered as a result of Mr. Galloway’s exposure to the defendants’ asbestos-containing products. As part of his employment, Mr. Galloway had been regularly exposed to asbestos for more than 20 years. Mrs. Galloway contends that she contracted an asbestos-related disease by laundering her husband’s work clothes.
*983 The trial judge ordered a “reverse bifurcation” of the issues. The issue of damages was tried first, and the jury found that Mrs. Galloway suffered from an asbestos-related disease and assessed her damages at $500,000.[1] All other issues were tried before another judge and another jury. The second jury specifically found that Mr. Galloway, but not Mrs. Galloway, had been exposed to Keene’s asbestos products. The trial court entered a judgment for Mr. Galloway on his claim, but against Mrs. Galloway and in favor of Keene on her claim. Mrs. Galloway appeals from that judgment, specifically complaining of the denial of her motion for a new trial.
We have carefully reviewed the evidence, and we conclude that the verdict for Keene on the wife’s claim is not inconsistent with the verdict for the husband on his claim against Keene, and that it is not against the great weight of the evidence. For example, there was evidence that Keene’s product produced green or brown dust, but Mrs. Galloway testified that the dust on her husband’s clothes was white.
The judgment, therefore, is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

. The jury also found that Mr. Galloway had suffered damages in the amount of $1,000,000.